## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **KENNETH A. WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:13-29923 |
| ) | |
| **FANNIE MAE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant Fannie Mae's Motion to Dismiss (Document No. 7.), filed on April 29, 2014. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 9.) Plaintiff filed his Response on August 18, 2014. (Document Nos. 21 and 22.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant's Motion should be granted.

### PROCEDURAL AND FACTUAL HISTORY

On October 22, 2013, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed his Complaint in the Circuit Court of McDowell County, West Virginia.[1] (Document No. 1-2.) Plaintiff names the following as Defendants: (1) Fannie Mae; (2) JJ Refuse, Inc.; (3) LVNV Funding, LLC; (4) Midland Funding, LLC; and (5) Ohio Dept. of Human Services. (Id.) Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

contends that "fabricated information" resulted in inaccurate information being placed on his credit report in violation of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. (Id., p. 5.) Plaintiff claims that "Wells Fargo Home Mortgage conducted a mortgage contract with Defendant Fannie Mae using Plaintiff's credentials to obtain a mortgage note on the property of 14913 Lincoln Ave., Cleveland, Ohio 44120 for the amount of $122,256.00." (Id.) Plaintiff argues that he was "without knowledge or information at the time such mortgage note was constructed and therefore, remains in opposition to the accuracy or veracity of the allegations of debt leveled at him by Defendant Fannie Mae." (Id.) Plaintiff argues that "[a]ny documentation with Wells Fargo Home Mortgage and Defendant Fannie Mae that involves Plaintiff is a fraudulent transaction that produced a fraudulent debt that Plaintiff is not responsible for." (Id., p. 6.) Plaintiff asserts that "the signature on said Mortgage Note/Contract is a forgery." (Id.) Plaintiff claims that Wells Fargo and Defendant Fannie Mae are conspiring to commit fraud against him with a forged Mortgage Note. (Id.)

Plaintiff claims that JJ Refuse is attributing a debt of $39.00 to Plaintiff and Plaintiff is "without knowledge or information at the time such debt was made, and therefore, remains in opposition to the accuracy of the debt." (Id.) Plaintiff states that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to JJ Refuse." (Id.)

Plaintiff asserts that LVNV Funding is attributing a debt of $42,406 to Plaintiff and Plaintiff is "without knowledge or information at the time such debt was made, and therefore, remains in opposition to the accuracy of the debt." (Id.) Plaintiff states that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to LVNV Funding." (Id.)

Plaintiff alleges that Midland Funding is attributing a debt of $536.00 to Plaintiff and Plaintiff is "without knowledge or information at the time such debt was made, and therefore,

remains in opposition to the accuracy of the debt." (Id.) Plaintiff states that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to Midland Funding." (Id.)

Plaintiff contends that the Ohio Department of Human Services ["ODHS"] is claiming that Plaintiff owes $2,198 regarding two different accounts. (Id., p. 7.) Plaintiff states that he "contests said child support debt because he was not officially determined to have fathered the son and daughter that Defendant ODHS claims are Plaintiff's responsibility." (Id.) Plaintiff, therefore, argues that "ODHS is reporting debt inaccurately to the credit reporting agency."[2] (Id.)

As Exhibits to his Complaint, Plaintiff attaches the following: (1) A copy of the "Note" regarding 14913 Lincoln Ave., Cleveland, OH 44120, wherein Wells Fargo Bank, N.A. was named as the Lender and Plaintiff was named as the Borrower (Id., pp. 9 - 11.); (2) A copy of pertinent pages from Plaintiff's Consumer Credit Report (Id., pp. 12 - 14.); and (3) A copy of "Plaintiff's Motion to Request a DNA Test and To Vacate Child Support Payment" as filed in the Court of Common Pleas in Cuyahoga County, Ohio (Id., pp. 15 - 16.).

On November 4, 2013, Brian R. Gutkoski, Assistant Prosecuting Attorney for Cuyahoga County, Ohio, filed a "Notice of Non-Acceptance of Service of Process." (Id., pp. 31 - 32.) On November 12, 2013, Plaintiff filed his "Motion to Strike/Dismiss Defendant Ohio Department of Human Services' Notice of Non-Acceptance of Service of Process." (Id., pp. 33 - 35 and Document No. 4.)

---

[2] The undersigned notes that Plaintiff is a frequent filer. Specifically, Plaintiff has initiated seven other civil actions in this Court: (1) *White v. Equifax Credit Information Service*, Civil Action No. 1:12-06374; (2) *White v. Huntington Nation Bank*, Civil Action No. 1:12-07503; (3) *White v. Old Republic National Title Insurance, et al.*, Civil Action 1:12-07965; (4) *White v. Alliance One*, Civil Action No. 1:13-8738; (5) *White v. Sky Bank, et al.*, Civil Action 1:13-18342; (6) *White v. Sovereign Bank, et al.*, 1:13-24248; and (7) *White v. Farmer Financial Services*, Civil Action No. 1:13-24933.

On November 22, 2013, Defendant LVNV Funding filed its Notice of Removal with this Court. (Document No. 1.) On April 29, 2014, Defendant Fannie Mae filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 7 and 8.) Specifically, Defendant Fannie Mae argues that Plaintiff's Complaint should be dismissed because: (1) "nothing in Plaintiff's Complaint supports a finding that Fannie Mae is a proper party to this action;" (2) "Plaintiff failed to obtain effective service as required by West Virginia law;" and (3) "Plaintiff failed to sufficiently plead his Complaint." (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 30, 2014, advising him of the right to file a response to the Defendant's Motion to Dismiss. (Document No. 9.)

By "Partial Final Dismissal Order" entered on May 2, 2014, United States District Judge David A. Faber noted that the Court had been advised of a settlement and dismissed with prejudice all claims against LVNV Funding. (Document No. 10.) On May 7, 2014, Defendant Fannie Mae filed a Supplemental Exhibit in Support of its Motion to Dismiss: A copy of the "Journal Entry and Opinion" as filed White v. Huntington National Bank, Case No. 12-791230 (Cuyahoga Co. Ohio May 10, 2013), wherein the court determined that Plaintiff was a "vexatious litigator as defined in Ohio Revised Code § 2323.52." (Document No. 15.)

On August 18, 2014, Plaintiff filed his Response in Opposition. (Document Nos. 21 and 22.) First, Plaintiff argues that "Fannie Mae is the proper Defendant in this case even if the Defendant either purchased Fannie Mae or changed its name because of corrupted prior acts of Fannie Mae as well as fraud as the public records so supports." (Id., pp. 1 - 2.) Plaintiff states that "Fannie Mae is a core party to the loan agreement, which clearly features its name upon it." (Id.) Plaintiff argues that if Federal National Mortgage Association purchased Fannie Mae, his Complaint should be amended to include Federal National Mortgage Association as the Defendant. (Id., p. 2.) Plaintiff argues that

4

Fannie Mae committed identity fraud when it "used White's name and credentials without White's valid consent to enrich themselves financially." (Id.) Plaintiff argues that he has clearly showed that "on or about December 21, 2007, Wells Fargo Home Mortgage conducted a mortgage contract in collusion with Defendant Fannie Mae, improperly using White's name and credential (facilitating Identity Theft) to obtain a mortgage note on specific property of 14913 Lincoln Ave., Cleveland, Ohio 44120, for the specific amount of $122,256." (Id., p. 3.) Plaintiff contends that Defendant Fannie Mae "improperly reported a debt in the amount of $122,256.00 on White's credit report, intentionally damaging White's credit." (Id.) Second, Plaintiff argues that "he did in-fact serve Defendant Fannie Mae & that Fannie Mae did in-fact receive White's complaint since Defendant Fannie Mae is actually responding to it." (Id., p. 4.) Plaintiff states that if service was improper, he should be allowed to re-serve Defendant Fannie Mae. (Id.) Third, Plaintiff states that he "does allege enough facts to state a claim to relief that is plausible on its face and that nudges the claims across the line from conceivable to plausible." (Id., p. 5.) Plaintiff, therefore, requests that the Court deny Defendant Fannie Mae's Motion to Dismiss. (Id., pp. 7 - 8.)

On August 19, 2014, Defendant Fannie Mae filed its Objections to Plaintiff's Response. (Document No. 23.) First, Defendant Fannie Mae argues that Plaintiff's Response was "filed grossly untimely." (Id., p. 2.) Next, Defendant Fannie Mae argues that Plaintiff's Exhibit of the Promissory Note "lists Wells Fargo Bank, N.A. as the 'Lender,' [and] [n]either FNMA nor Fannie Mae is listed on the Note." (Id.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678,


129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949(quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determined if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

"To state a claim under the [Fair Debt Collection Practices Act] FDCPA, a plaintiff must show: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA,[3] and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Patrick v. Teays Valley Trustees, LLC, 2012 WL 5993163 (N.D.W.Va. Nov. 30, 2012.) Congress enacted the FDCPA to "eliminate abuse debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Under Section 1692g of the FDCPA, debt collectors must inform consumers of (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity

---

[3] "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

of the debt, the debt will be assumed to be valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of either document will be mailed to the consumer; and (5) a statement that, if the consumer requests in writing within the thirty-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor. See 15 U.S.C. § 1692g(a)(1)-(5).

The Fair Credit Reporting Act ["FCRA"] imposes various obligations on three types of entities: consumer reporting agencies (CRAs), users of consumer credit reports, and entities that furnish debt information to CRAs, or 'furnishers.'" Evans, 2011 WL 672061, at * 3(citing, 15 U.S.C. §§ 1681-1681x). Generally, the FCRA imposes two sets of duties upon furnishers. See 15 U.S.C. § 1681s-2(a) and (b). First, Section 1681s-2(a) imposes a duty upon the furnisher to provide accurate information. 15 U.S.C. § 1681s-2(a). Second, upon receiving a dispute of inaccuracy from a *credit reporting agency*, Section 1681s-2(b) imposes a duty upon the furnisher to conduct a reasonable investigate, report the results of that investigation to the credit reporting agency, and modify or delete any inaccurate information. 15 U.S.C. § 1681s-2(a) and (b); also see Johnson v. MBNA America Bank, NA, 357 F.3d 426, 429 (4th Cir. 2004)(finding that the FCRA imposes duties on a furnisher to investigate, correct and update inaccurate information when the furnisher "has been notified by a credit reporting agency that a consumer has disputed information furnished by a creditor").

Rule 9 imposes a heightened pleading standard concerning claims of fraud. Specifically, Rule 9 requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required to be pled with particularity are the "the time, place, and

contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). To state a claim for fraud under West Virginia law, a plaintiff must establish that: "(1) the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." See Coffman v. Bank of America, N.A., 2010 WL 3069905 (S.D.W.Va. Aug. 4, 2010)(citing *Folio v. City of Clarksburg*, 221 W. Va. 397, 655 S.E.2d 143 (2007)).

Construing Plaintiff's complaint liberally, his allegations do not state the essential elements of a FCRA, FDCPA, or fraud claim. Specifically, Plaintiff fails to allege any facts explaining how Defendant Fannie Mae violated the FCRA and FDCPA. First, the undersigned finds that there is no indication that Defendant Fannie Mae violated the FCRA by furnishing inaccurate information to a credit reporting agency.[4] Although Plaintiff attaches pages from his credit reports as an Exhibit,

---

[4] To the extent Plaintiff is attempting to assert a claim under Section 1681s-2(a) of the FCRA, the undersigned finds that there is no private right of action under Section 1681s-2(a) for furnishing inaccurate information to a credit reporting agency. *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D.Tenn. 1999)("liability for violations of § 1681s-2 are limited, and the provisions for civil liability set forth in 15 U.S.C. § 1681n and 1681o do not apply to any violation of § 1681s-2"); *Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 11 (D.Mass. 2004)("courts have consistently held that there is no private action for violations of § 1681s-2(a)").

To the extent Plaintiff is attempting to assert a claim under Section 1681s-2(b), the undersigned further finds that Plaintiff has failed to state a claim. The FCRA provides that upon receiving a dispute of accuracy from a *credit reporting agency*, a furnisher is obligated to conduct a reasonable investigation of the dispute, report its results to the credit reporting agency, and modify or delete incorrect information. *See* 15 U.S.C. § 1681s-2(b). "Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from a consumer." *Peasley v. Version Wireless LLC*, 364 F.Supp.2d 1198, 1200 (S.D.Cal. 2005); *see also Beattie v. Nations Credit Fin. Services Corp.*, 65 Fed.Appx. 893, 899 (4th Cir. 2003), *citing Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D.Tenn. 1999)("statutorily created obligation imposed on a

9

a review of the documents reveals that Fannie Mae was never referenced as a creditor. (Document No. 1-2, pp. 12 - 14.) Plaintiff further fails to allege that Defendant Fannie Mae is a debt collector under the FDCPA. Although Plaintiff attaches a copy of the "Note" as an Exhibit, a review of the document reveals that Wells Fargo Bank was named as the Lender and Plaintiff was named as the Borrower (Document No. 1-2, pp. 9 - 11.) There is no indication that Defendant Fannie Mae was a party to the "Note." Plaintiff's conclusory claim that Defendant Fannie Mae violated the FCRA and FDCPA is insufficient. To the extent Plaintiff is attempting to state a fraud claim against Defendant Fannie Mae, Plaintiff does not allege "the time, place, or contents of the false representations" or "the identity of the person making the misrepresentation and what he obtained thereby." Plaintiff merely argues that Defendant Fannie Mae and Wells Fargo conspired to commit fraud against Plaintiff by forging his name on the "Note." Plaintiff's general allegations against Defendant Fannie Mae fail to state a claim. Accordingly, the undersigned recommends that Defendant Fannie Mae's Motion to Dismiss (Document No. 7.) be granted. The undersigned finds it unnecessary to consider the other reasons which Defendant Fannie Mae has submitted for dismissal.

---

furnisher of information is owed only to the consumer reporting agency and not to the consumer, and an individual such as plaintiff cannot state a claim under 15 U.S.C. § 1691s-2(b)"). Thus, a furnisher of credit information, such as the Defendant, has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. *See Copley v. Fairbank*, 2011 WL 2421024 (S.D.W.Va. June 13, 2011)("a creditor's duties under § 1681s-2(b) are triggered by receipt of notice from a credit reporting agency of a credit dispute"); *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 783-84 (W.D.Ky. 2003). In the instant case, Plaintiff does not allege that he notified any credit reporting agency of his dispute regarding the alleged inaccurate information or that the Defendant Fannie Mae was notified by a credit reporting agency that the information was in dispute. Plaintiff appears to merely contend that he notified Defendant Fannie Mae directly of the dispute, which is insufficient to state a claim under the FCRA.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant Fannie Mae's Motion to Dismiss (Document No. 7.).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: August 29, 2014.

R. Clarke VanDervort
United States Magistrate Judge