IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| KENNETH A. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-29923 |
| | ) | |
| FANNIE MAE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following Motions: (1) Defendant Midland Funding's Motion to Dismiss (Document No. 33), filed on September 25, 2015; and (2) Plaintiff's "Motion to Dismiss Defendant Midland Funding, LLC, With Prejudice" (Document No. 43), filed on January 6, 2016. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 36.) Having examined the record and considered the applicable law, the undersigned has concluded that Plaintiff's "Motion to Dismiss Defendant Midland Funding, LLC, With Prejudice" (Document No. 43) should be granted and Defendant Midland Funding's Motion to Dismiss (Document No. 33) should be denied as moot.

**PROCEDURAL AND FACTUAL HISTORY**

On October 22, 2013, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell,

filed his Complaint in the Circuit Court of McDowell County, West Virginia.[1] (Document No. 1-2.) Plaintiff names the following as Defendants: (1) Fannie Mae; (2) JJ Refuse, Inc.; (3) LVNV Funding, LLC; (4) Midland Funding, LLC; and (5) Ohio Dept. of Human Services. (Id.) Plaintiff contends that "fabricated information" resulted in inaccurate information being placed on his credit report in violation of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. (Id., p. 5.) Plaintiff claims that "Wells Fargo Home Mortgage conducted a mortgage contract with Defendant Fannie Mae using Plaintiff's credentials to obtain a mortgage note on the property of 14913 Lincoln Ave., Cleveland, Ohio 44120 for the amount of $122,256.00." (Id.) Plaintiff argues that he was "without knowledge or information at the time such mortgage note was constructed and therefore, remains in opposition to the accuracy or veracity of the allegations of debt leveled at him by Defendant Fannie Mae." (Id.) Plaintiff argues that "[a]ny documentation with Wells Fargo Home Mortgage and Defendant Fannie Mae that involves Plaintiff is a fraudulent transaction that produced a fraudulent debt that Plaintiff is not responsible for." (Id., p. 6.) Plaintiff asserts that "the signature on said Mortgage Note/Contract is a forgery." (Id.) Plaintiff claims that Wells Fargo and Defendant Fannie Mae are conspiring to commit fraud against him with a forged Mortgage Note. (Id.)

Plaintiff claims that JJ Refuse is attributing a debt of $39.00 to Plaintiff and Plaintiff is "without knowledge or information at the time such debt was made, and therefore, remains in opposition to the accuracy of the debt." (Id.) Plaintiff states that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to JJ Refuse." (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff asserts that LVNV Funding is attributing a debt of $42,406 to Plaintiff and Plaintiff is "without knowledge or information at the time such debt was made, and therefore, remains in opposition to the accuracy of the debt." (Id.) Plaintiff states that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to LVNV Funding." (Id.)

Plaintiff alleges that Midland Funding is attributing a debt of $536.00 to Plaintiff and Plaintiff is "without knowledge or information at the time such debt was made, and therefore, remains in opposition to the accuracy of the debt." (Id.) Plaintiff states that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to Midland Funding." (Id.)

Plaintiff contends that the Ohio Department of Human Services ["ODHS"] is claiming that Plaintiff owes $2,198 regarding two different accounts. (Id., p. 7.) Plaintiff states that he "contests said child support debt because he was not officially determined to have fathered the son and daughter that Defendant ODHS claims are Plaintiff's responsibility." (Id.) Plaintiff, therefore, argues that "ODHS is reporting debt inaccurately to the credit reporting agency."[2] (Id.)

As Exhibits to his Complaint, Plaintiff attaches the following: (1) A copy of the "Note" regarding 14913 Lincoln Ave., Cleveland, OH 44120, wherein Wells Fargo Bank, N.A. was named as the Lender and Plaintiff was named as the Borrower (Id., pp. 9 - 11.); (2) A copy of pertinent pages from Plaintiff's Consumer Credit Report (Id., pp. 12 - 14.); and (3) A copy of "Plaintiff's Motion to Request a DNA Test and To Vacate Child Support Payment" as filed in

---

[2] The undersigned notes that Plaintiff is a frequent filer. Specifically, Plaintiff has initiated seven other civil actions in this Court: (1) *White v. Equifax Credit Information Service*, Civil Action No. 1:12-06374; (2) *White v. Huntington Nation Bank*, Civil Action No. 1:12-07503; (3) *White v. Old Republic National Title Insurance, et al.*, Civil Action 1:12-07965; (4) *White v. Alliance One*, Civil Action No. 1:13-8738; (5) *White v. Sky Bank, et al.*, Civil Action 1:13-18342; (6) *White v. Sovereign Bank, et al.*, 1:13-24248; and (7) *White v. Farmer Financial Services*, Civil Action No. 1:13-24933.

the Court of Common Pleas in Cuyahoga County, Ohio (Id., pp. 15 - 16.).

On November 4, 2013, Brian R. Gutkoski, Assistant Prosecuting Attorney for Cuyahoga County, Ohio, filed a "Notice of Non-Acceptance of Service of Process." (Id., pp. 31 - 32.) On November 12, 2013, Plaintiff filed his "Motion to Strike/Dismiss Defendant Ohio Department of Human Services' Notice of Non-Acceptance of Service of Process." (Id., pp. 33 - 35 and Document No. 4.)

On November 22, 2013, Defendant LVNV Funding filed its Notice of Removal with this Court. (Document No. 1.) On April 29, 2014, Defendant Fannie Mae filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 7 and 8.) Specifically, Defendant Fannie Mae argued that Plaintiff's Complaint should be dismissed because: (1) "nothing in Plaintiff's Complaint supports a finding that Fannie Mae is a proper party to this action;" (2) "Plaintiff failed to obtain effective service as required by West Virginia law;" and (3) "Plaintiff failed to sufficiently plead his Complaint." (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 30, 2014, advising him of the right to file a response to the Defendant's Motion to Dismiss. (Document No. 9.)

By "Partial Final Dismissal Order" entered on May 2, 2014, United States District Judge David A. Faber noted that the Court had been advised of a settlement and dismissed with prejudice all claims against LVNV Funding. (Document No. 10.) On May 7, 2014, Defendant Fannie Mae filed a Supplemental Exhibit in Support of its Motion to Dismiss: A copy of the "Journal Entry and Opinion" as filed White v. Huntington National Bank, Case No. 12-791230 (Cuyahoga Co. Ohio May 10, 2013), wherein the court determined that Plaintiff was a "vexatious litigator as defined in Ohio Revised Code § 2323.52." (Document No. 15.) On

August 18, 2014, Plaintiff filed his Response in Opposition to Defendant Fannie Mae's Motion to Dismiss. (Document Nos. 21 and 22.)

By Proposed Findings and Recommendations entered on August 29, 2014, United States Magistrate Judge R. Clarke VanDervort recommended that the District Court grant Defendant Fannie Mae's Motion to Dismiss. (Document No. 24.) Also on August 29, 2014, Judge VanDervort entered an Order denying Plaintiff's "Motion to Strike/Dismiss Defendant Ohio Department of Human Services' Notice of Non-Acceptance of Service of Process." (Document No. 25.) By Memorandum Opinion and Order entered on October 24, 2014, Judge Faber adopted Judge VanDervort's recommendation and granted Defendant Fannie Mae's Motion to Dismiss. (Document Nos. 27 and 28.)

On September 25, 2015, Defendant Midland Funding filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 33 and 34.) Specifically, Defendant Midland Funding argued that Plaintiff's Complaint should be dismissed because: (1) "Plaintiff fails to assert a cognizable fraud claim against Midland Funding with particularity, as required by Fed. R. Civ. P. 9(b);" (2) "Plaintiff fails to assert any cognizable claims under the FCRA;" (3) "Plaintiff fails to allege a cognizable claim against Midland Funding under the FDCPA;" and (4) "Plaintiff failed to obtain effective service on Midland Funding." (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 1, 2015, advising him of the right to file a response to the Defendant's Motion to Dismiss. (Document No. 36.)

On December 3, 2015, Defendant Midland Funding filed a "Notice of Pending Settlement." (Document No. 41.) On January 6, 2016, Plaintiff filed a "Motion to Dismiss Defendant Midland Funding, LLC, With Prejudice." (Document No. 43.) Specifically, Plaintiff

requests that his Complaint against Defendant Midland Funding "be dismissed with prejudice due to an out of court settlement." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant Midland Funding filed its Motion to Dismiss to Plaintiff's Complaint on September 25, 2015. On December 3, 2015, Defendant Midland Funding filed a "Notice of Pending Settlement. On January 6, 2016, Plaintiff advised the Court that he wishes to dismiss his Complaint with prejudice as to Defendant Midland because the parties have reached a settlement agreement. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(2) and that the instant civil action be dismissed with prejudice as to Defendant Midland Funding.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's "Motion to Dismiss Defendant Midland Funding, LLC, With Prejudice" (Document No. 43), **DENY as moot** Defendant Midland Funding's Motion to Dismiss (Document No. 33), **DISMISS** Plaintiff's Complaint (Document No. 1) with prejudice as to Midland Funding, and refer this matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be

granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: January 11, 2016.

Omar J. Aboulhosn
United States Magistrate Judge