IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **KENNETH A. WHITE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 1:13-29923 |
| **FANNIE MAE,** *et al.*, | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On October 22, 2013, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed his Complaint in the Circuit Court of McDowell County, West Virginia.[1] (Document No. 1-2.) Plaintiff names the following as Defendants: (1) Fannie Mae;[2] (2) JJ Refuse, Inc.; (3) LVNV Funding, LLC;[3] (4) Midland Funding, LLC;[4] and (5) Ohio Dept. of Human Services. (Id.) On the same day, the Clerk of McDowell County issued Summonses for the above named Defendants. (Id., pp. 24 - 28.) On November 4, 2013, Brian R. Gutkoski, Assistant Prosecuting Attorney for Cuyahoga County, Ohio, filed a "Notice of Non-Acceptance of Service of Process."

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] By Memorandum Opinion and Order entered on October 24, 2014, United States District Judge David A. Faber adopted Judge VanDervort's recommendation and granted Defendant Fannie Mae's Motion to Dismiss. (Document Nos. 27 and 28.)

[3] By "Partial Final Dismissal Order" filed on May 2, 2014, Judge Faber dismissed LVNV as a Defendant based upon the parties' representation that the claims had been settled. (Document No. 10.)

[4] By Proposed Findings and Recommendation filed on January 11, 2016, the undersigned recommended that the District Court grant Plaintiff's "Motion to Dismiss Defendant Midland Funding, LLC, With Prejudice." (Document No. 44.)

(Id., pp. 31 - 32.) Plaintiff filed his "Motion to Strike/Dismiss Defendant Ohio Department of Human Services' Notice of Non-Acceptance of Service of Process" on November 12, 2013. (Id., pp. 33 - 35 and Document No. 4.) On November 22, 2013, Defendant LVNV Funding filed its Notice of Removal with this Court. (Document No. 1.) On August 29, 2014, Judge VanDervort entered an Order denying Plaintiff's "Motion to Strike/Dismiss Defendant Ohio Department of Human Services' Notice of Non-Acceptance of Service of Process." (Document No. 25.)

A review of the Docket Sheet in the instant case reflected that service had not been effectuated upon Defendants JJ Refuse and the Ohio Department of Human Services. By Order entered on January 11, 2016, the undersigned directed as follows:

> Plaintiff shall have twenty (20) days from the date of entry of this Order to notify the Court of any good cause that prevented the effectuation of service within the 120-day period. Failure of Plaintiff to respond to this Order within twenty (20) days from the date of this Order will result in a recommendation of dismissal of this matter without prejudice.

(Document No. 45.) Plaintiff has not responded to the Court's above Order.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[5] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

---

[5]  Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Plaintiff as the Defendants JJ Refuse and the Ohio Department of Human Services have not been required to make an appearance in this action. On October 22, 2013, Clerk of McDowell County issued Summonses for the above Defendants. The Summonses, however, were returned un-executed. Although Plaintiff filed this action on October 22, 2013, Plaintiff failed to provide the Court with accurate addresses for the above Defendants so that proper service could be effectuated.[6] By Order entered on January 11,

---

[6] The Summons for Defendant JJ Refuse was issued to the address provided by Plaintiff: P.O. Box 840, 400 Rouser Road, Moon TWP, PA 15108. (Document No. 1-2, pp. 4 and 25.) The Docket Sheet, however, reflects that the foregoing is an incorrect address for JJ Refuse, Inc. (Document Nos. 26, 30, 31, and 32.) The undersigned notes that it is Plaintiff's responsibility to provide the Court with the correct address of a Defendant.

2016, the undersigned directed Plaintiff "to notify the Court of any good cause that prevented the effectuation of service within the 120-day period."[7] (Document No. 45.) Plaintiff has not responded to the foregoing Order. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion" or that the Defendants have been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se*, indigent litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than a month ago. (Document No. 45.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint as to Defendants JJ Refuse, Inc. and the

---

[7] Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant" unless a plaintiff can demonstrate good cause for the failure. Fed.R.Civ.P. 4(m).

Ohio Department of Human Services (Document No. 1-2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 24, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge